# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

DETLEF F. HARTMANN,                    :
                                       :
            Plaintiff,                  :
                                       :
      v.                                : Civ. Action No. 21-1687-GBW
                                       :
SHANE TROXLER, et al.,                  :
                                       :
            Defendants.                 :

---

Detlef F. Hartmann, Wilmington, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

September 20, 2023
Wilmington, Delaware

**WILLIAMS, United States District Judge:**

## I.    INTRODUCTION

Plaintiff Detlef F. Hartmann filed this action pursuant to 42 U.S.C. § 1983, while incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware.  (D.I. 2).  Plaintiff who proceeds *pro se*, has since been released from JTVCC and has paid the filing fee.  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915A(a).  Also pending before the Court are Plaintiff's motions to amend (D.I. 58), for reconsideration (D.I. 59), for appointment of counsel (D.I. 60), for copies of documents (D.I. 62), and for court rule to be updated (D.I. 66).

## II.    BACKGROUND

Plaintiff's allegations are difficult to discern from his filings.  The following facts, as best as the Court can understand them, are taken from the Complaint and assumed to be true for screening purposes.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  While incarcerated, JTVCC officials denied Plaintiff timely legal supplies and threatened to seize the legal materials he did have in his possession.  The Complaint, which was filed in October 2021, references a 28 U.S.C. § 2254 habeas petition he filed in January 2020, which was dismissed on March 27, 2023.  *See Hartmann v. May*, No. 20-33-GBW, 2023 WL 2655188 (D. Del. Mar. 27, 2023).

Plaintiff brings claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Delaware Constitution. For relief, Plaintiff requests injunctive relief and damages. On April 14, 2023, Plaintiff notified the Court that he had been released from JTVCC. (D.I. 63).

## III.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).   Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of § 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To begin, in light of Plaintiff's release from JTVCC, his claims are moot to the extent he sought injunctive relief.  Turning to his claims for damages, the only arguable claim the Court can discern from the Complaint is a First Amendment claim for denial of access to the courts.  Prisoners must be allowed "adequate, effective and meaningful" access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 822 (1977).  A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access.  The actual injury requirement is a constitutional prerequisite to

4

suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher*, 536 U.S. at 415.

Plaintiff has failed to allege that a nonfrivolous, arguable claim was lost. Notably, the only case he references, his § 2254 habeas petition, has been dismissed and there is no indication that the dismissal was caused by Defendants' alleged conduct. Accordingly, the First Amendment access to courts claim fails to state a claim.

Plaintiff's motion to amend (D.I. 58) and motion for reconsideration (D.I. 59) will be denied as futile. His request for appointed counsel (D.I. 60) will be denied without prejudice to renew.[1] Finally, his motion for court copies (D.I. 62) and for court rule to be updated (D.I. 66) will be denied.

---

[1] Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. After he was released from prison, the Court advised Plaintiff that he was required to either file a standard form application to proceed without prepayment of fees or to pay the balance of the $350.00 filing fee. (D.I. 64). Rather than seeking *in forma pauperis* status, Plaintiff opted to pay the filing fee. Therefore, he does not qualify for consideration of appointed counsel under § 1915 at this time. Should Plaintiff move for, and be granted *in forma*

## IV.   CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and (2) deny all pending motions.

An appropriate order will be entered.

_____

*pauperis* status by filing a standard form application to proceed without prepayment of fees, he may again request appointed counsel and the Court will consider his request.